IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELPIDIO JUAREZ,

                                                                 OPINION and ORDER

                    Plaintiff,

                                                                  13-cv-573-bbc

      v.

LYNN M. WASHETAS,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Elpidio Juarez, a prisoner at the New Lisbon Correctional Institution, has filed this lawsuit raising due process and retaliation claims regarding his removal from a prison job. Plaintiff has paid the full filing fee for this case. The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).

      Having reviewed the complaint, I conclude that plaintiff may not proceed on his due process claim, but I will give him a chance to supplement the allegations supporting his retaliation claim.

      In his complaint, plaintiff alleges the following facts.

1

ALLEGATIONS OF FACT

On July 16, 2012, plaintiff was hired as a full-time special events worker for the recreation department in prison. In January and March 2013 he received above-average performance evaluations. On April 30, 2013, he was talking with other prisoners about defendant Lynn Washetas's recreation equipment policy. (At the time, Washetas was the program supervisor for the recreation department.) Plaintiff expressed "his disbelief, as well as criticism of the recreation staff handling of dispensing recreation equipment." Plaintiff believes that Washetas was made aware of his criticisms, because she removed him from his job, placing him on "voluntary unassign" status.

On May 3, 2013, plaintiff was summoned to the recreation staff office, in front of defendant Washetas and correctional officers Crouse and Smith. Crouse "confronted" plaintiff about comments plaintiff had made about the management of the recreation department and asked him whether he had any problems with Washetas or Smith. Plaintiff said he had no problem with either one. He was asked to sign a performance evaluation form rating his performance as unsatisfactory. Plaintiff was told he was being terminated from his job.

OPINION

A. Due Process

Plaintiff contends that his due process rights were violated when defendant Washetas acted as the decision maker in the "quasi-disciplinary hearing," despite the fact that she was the subject of plaintiff's complaints about the recreation equipment policy. To state a

procedural due process claim, a plaintiff must allege facts suggesting that he was deprived of a "liberty or property interest" created either by state law or the due process clause itself and that this deprivation took place without the procedural safeguards necessary to satisfy due process. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). In the absence of a protected liberty or property interest, "the state is free to use any procedures it chooses, or no procedures at all." Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001).

A prisoner's interest in keeping a particular prison job is not a constitutionally protected interest. DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000) (neither Illinois law nor due process clause affords prisoners liberty or property interest in their jobs); Hohol v. Lundquist, 2010 WL 1961181, *3 (E.D. Wis. May 14, 2010) (same regarding Wisconsin prisoner); Borzych v. Litscher, 2002 WL 32350066, *2 (W.D. Wis. Mar. 14, 2002) (same regarding Wisconsin prisoner). Therefore, it does not matter whether defendant Washetas had a conflict of interest in deciding to remove plaintiff from his job. Even if she did, plaintiff cannot prevail on a claim against her because he had no constitutionally protected interest in his job.

### B. Retaliation

Plaintiff's second contention is that defendant Washetas retaliated against him for complaining to another prisoner about her equipment policy. To state a claim for retaliation under the First Amendment, a plaintiff must identify (1) the constitutionally protected activity in which he was engaged; (2) one or more retaliatory actions taken by the defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and

3

(3) sufficient facts to make it plausible to infer that the plaintiff's protected activity was one of the reasons defendant took the action she did against him. Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir. 2009).

The problem for plaintiff is whether he was engaged in protected conduct. Plaintiff is largely vague about the nature of his complaints about Washetas, but near the end of the complaint he includes the following allegation:

> Because defendant Ms. Lynn Washetas was [both] the subject of the matter (i.e.. *are you going to let a woman tell you how to run recreation*) and personally attended/involved in the quasi-disciplinary hearing . . . the defendant has substantial involvement of the investigation, and can not be impartial which is a violation of the due process clause.

Cmplt., dkt. #1, at 6 (emphasis added). Although it is not clear, it seems that perhaps plaintiff is stating that this is the remark that got him fired. If so, he was not engaged in protected conduct. Prison officials have broad discretion to regulate prisoners' speech when consistent with "legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Rude, disruptive or disrespectful language or language challenging prison staff's authority, is not protected speech. Watkins v. Kasper, 599 F.3d 791, 797-98 (7th Cir. 2010). An insulting comment such as "are you going to let a woman tell you how to run recreation?" might be grounds for firing in or out of prison.

Because plaintiff's vague complaint is unclear about exactly what he said that resulted in his firing, I will give him a short time to supplement his complaint to tell the court exactly what he says that led to his firing.

ORDER

1. Plaintiff Elpidio Juarez is DENIED leave to proceed on a due process claim against defendant Lynn Washetas.

2. A ruling on plaintiff's retaliation claim is STAYED pending plaintiff submitting a supplement to his complaint explaining what protected speech he was engaged in that he believes led to his being fired from his prison job. Plaintiff may have until December 16, 2013 to submit this supplement or the case will be dismissed for his failure to state a claim upon which relief may be granted.

Entered this 4th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge