IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELPIDIO JUAREZ,

                                                                    OPINION AND ORDER
                          Plaintiff,
                                                                        13-cv-573-bbc

            v.

LYNN M. WASHETAS,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Elpidio Juarez, a prisoner at the New Lisbon Correctional Institution, has

filed this lawsuit raising due process and retaliation claims regarding his removal from a

prison job as a full-time special events worker for the recreation department.  In a December

4, 2013 order, I denied plaintiff leave to proceed on his due process claim because he did not

have a constitutionally protected interest in his prison job.  Dkt. #4.  Additionally, I gave

plaintiff a chance to supplement his vague allegations supporting his retaliation claim, which

he has now done.  After screening his new allegations, I conclude that plaintiff fails to state

a retaliation claim and will dismiss the case.


                                          OPINION

        Plaintiff contends that defendant Lynn Washetas fired him from his prison job in

retaliation for complaining to another prisoner about her equipment policy.  To state a claim

for retaliation under the First Amendment, a plaintiff must identify (1) the constitutionally protected activity in which he was engaged; (2) one or more retaliatory actions taken by the defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that the plaintiff's protected activity was one of the reasons defendant took the action she did against him.  Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir. 2009).

In the December 4, 2013 order, I stayed a ruling on plaintiff's retaliation claim because his vague allegations were unclear about his statement that resulted in his firing.  I described the nature of that claim as follows:

> The problem for plaintiff is whether he was engaged in protected conduct.  Plaintiff is largely vague about the nature of his complaints about Washetas, but near the end of the complaint he includes the following allegation:
>
>> Because defendant Ms. Lynn Washetas was [both] the subject of the matter (i.e.. *are you going to let a woman tell you how to run recreation*) and personally attended/involved in the quasi-disciplinary hearing . . . the defendant has substantial involvement of the investigation, and can not be impartial which is a violation of the due process clause.
>
> Cpt., dkt. #1, at 6 (emphasis added).  Although it is not clear, it seems that perhaps plaintiff is stating that this is the remark that got him fired.  If so, he was not engaged in protected conduct.  Prison officials have broad discretion to regulate prisoners' speech when consistent with "legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).  Rude, disruptive or disrespectful language or language challenging prison staff's authority, is not protected speech.  Watkins v. Kasper, 599 F.3d 791, 797-98 (7th Cir. 2010).  An insulting comment such as "are you going to let a woman tell you how to run recreation?" might be grounds for firing in or out of prison.

Dkt. #4 at 4.  Plaintiff has now submitted a document titled "Supplemental Complaint," dkt. #8, containing new allegations that I will consider as part of the operative pleading in

this case.  Plaintiff states that correctional officer Smith (a non-defendant) told defendant Washetas that plaintiff had asked Smith, "Are you going to let a woman tell you how to run recreation?" although plaintiff had never made that statement but instead had complained about Washetas's equipment policy by telling a co-worker, "I guess we know who really has the nuts around here."  According to plaintiff, Smith overheard this remark (which was not intended for him or for Washetas) and then reported the other, false comment, which resulted in plaintiff's termination.

After considering these new allegations, I conclude that plaintiff has failed to state a claim upon which relief may be granted with regard to his firing.  He has no due process claim because he lacked a protected interest in his job and he has no grounds for a claim of retaliatory termination because he cannot show that Washetas fired him for an impermissible reason.  As he has alleged, she fired him because she thought he made a sexist remark, which is not protected speech in the prison setting.  Perhaps she had the wrong information about what he said; perhaps plaintiff never made any disrespectful comment.  In that case, the firing would have been a mistake, but it could not be deemed retaliation for protected speech.  Neither could it be a constitutional violation of plaintiff's rights to due process violation because plaintiff had no protected interest in his job.

Plaintiff maintains that the actual comment he made ("I guess we know who really has the nuts around here"), "was not directly or indirectly about Smith [sic] or intended to be disrespectful, rude, disruptive nor intended to challenge any legitimate penological interest.  Therefore, [plaintiff] was engaged in speech protected under the First Amendment . . . ."  Am. Cpt., dkt. #8, at 3.  Even if plaintiff is saying that he was fired for the second

3

remark, I see little distinction between the remark he says he made and the remark on which

defendant relied in terminating him.  Both are disrespectful and sexist.  Disrespectful speech

is not protected by the First Amendment in the prison context.  <u>Watkins</u>, 599 F.3d at 797-

98.  Plaintiff would not be the first person (in or out of prison) to be fired for making sexist

remarks about a supervisor.


ORDER

1.  Plaintiff Elpidio Juarez is DENIED leave to proceed on his due process and

retaliation claims against defendant Lynn Washetas.

2.   This case is DISMISSED for plaintiff's failure to state a claim upon which relief

may be granted.

3.  The clerk of court is directed to enter judgment in favor of defendant and close

this case.

4.  A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

Entered this 10th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge